UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| COURTNEY PARKER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:09 CV 488 |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) | |
| Respondent. | ) | |

## OPINION and ORDER

Courtney Parker submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 asserting denial of due process in a disciplinary hearing at the Westville Correctional Facility. On March 26, 2008, a correctional officer wrote a conduct report charging Parker with intimidation or threatening of another. (DE # 7-1.) On June 11, 2008, the disciplinary hearing board found Parker guilty, deprived him of 90 days of earned credit time, and demoted him to a lower time earning classification. (DE # 7-15.) Respondent has submitted the administrative record of this disciplinary proceeding, and has moved to dismiss the petition on the grounds that Parker has not exhausted his administrative remedies.

Section 2254(b)(1)(A) provides that an application for a writ of *habeas corpus* by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992). To obtain federal *habeas* review, a prisoner must take all available appeals, including administrative appeals, and must have raised in

those appeals any issue on which the prisoner seeks federal review. *E.g., Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Failure to raise an issue on appeal to the final reviewing authority is a waiver of that claim. *Id*.

The administrative record of the disciplinary action this petitioner challenges establishes that while he appealed to the facility head and the final reviewing authority, the issues he raised in his appeals were a violation of DOC policy with regard to the timing of his hearing and an error in his projected release date calculation after imposition of the earned credit time deprivation and credit class demotion. (DE ## 7-16 & 7-17.) In his *habeas corpus* petition, Parker raises two entirely different issues, contending that he was denied evidence and that he was denied the opportunity to present a proper defense because he was not granted a continuance. (DE # 1 at 2-3.) Parker did not raise either of these issues in his administrative appeal, and he concedes that he did not exhaust his administrative remedies at least with regard to the issue of being denied the opportunity to prepare a proper defense. (*Id*. at 3.) Because Parker did not raise the issues of denial of evidence and denial of a continuance in his administrative appeal, he has not exhausted his state remedies as to those claims.

For the foregoing reasons, the court **GRANTS** respondent's motion to dismiss (DE # 6), and **DENIES** this petition for failure to exhaust administrative remedies.

**SO ORDERED.**

Date: April 20, 2010

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT